UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASSAN ABPIKAR, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>WELLS FARGO BANK, N.A.,<br><br>　　　　　Defendant. | Case No. 3:24-cv-02836-JD<br><br>**ORDER RE ARBITRATION AND CARDENAS'S CLAIMS** |

Defendant Wells Fargo's motion to compel arbitration is granted.[1] Dkt. No. 16. The arbitration clause covers the claims alleged in the complaint, and the record indicates that pro se plaintiff Hassan Abpikar consented to the arbitration provision. Abpikar's objection that he filed a putative class action is not a bar to arbitration. *See* Dkt. No. 17. Abpikar is not an attorney and may not litigate claims on behalf of a putative class. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). In addition, Wells Fargo represents that the arbitration agreement contains a delegation clause that reserves questions of the agreement's interpretation and scope to the arbitrator. Dkt. No. 16 at 8-9. The case is stayed with respect to Abpikar, and the parties will file a joint status report on the arbitration every 90 days starting on October 1, 2024.

The second amended complaint (SAC), Dkt. No. 18, is dismissed sua sponte with respect to pro se plaintiff Claudia Cardenas. The SAC does not plausibly allege a claim for Cardenas, and barely mentions her at all in the allegations. Cardenas may file an amended complaint with respect to her claims by September 6, 2024.

---

[1] The motion is suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).

Plaintiffs are advised that Abpikar may not file anything on Cardenas's behalf, and that Cardenas may not allege putative class claims. An amended complaint must be filed by Cardenas alone and only with respect to her own claims. A failure to comply with this order or the filing deadline will result in dismissal under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August 9, 2024

JAMES DONATO
United States District Judge