UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HASSAN ABPIKAR, et al.,

        Plaintiffs,

     v.

WELLS FARGO BANK, N.A.,

        Defendant.

Case No.  24-cv-02836-JD

**ORDER RE ARBITRATION AWARD AND CASE CLOSURE**

The claims of pro se plaintiff Hassan Abpikar against defendant Wells Fargo with respect to issues of account closure and fees were ordered to arbitration under the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1 *et seq.*  *See* Dkt. No. 21 (arbitration order); Dkt. No. 16-1 at ECF p. 18 (arbitration clause governed by FAA).  The arbitrator determined that Wells Fargo was contractually entitled to close Abpikar's accounts at any time, and so dismissed those claims from the proceedings.  Dkt. No. 49-1 at ECF pp. 10-14.  After a subsequent evidentiary hearing, the arbitrator issued a final award denying Abpikar's claims for breach of contract, conversion, and unfair business practices.  *Id*. at ECF pp. 6-8.

Abpikar asks to vacate the award on a variety of grounds ranging from corruption and misconduct on the part of the arbitrator to mistakes of fact and law.  Dkt. No. 46.[1]  Wells Fargo opposes the request.  Dkt. No. 49.  The parties' familiarity with the record is assumed, and vacatur is denied.

"Federal courts rarely vacate arbitration awards."  *VIP Mortgage Incorporated v. Gates*, 162 F.4th 1010, 1013 (9th Cir. 2025).  The Congressional policy favoring arbitrations means that "courts may vacate an arbitrator's decision 'only in very unusual circumstances.'"  *Oxford Health*

---

[1]  The request greatly exceeded the Court's page limits for motions, which is excused on this one occasion in light of Abpikar's pro se status.

United States District Court
Northern District of California

*Plans LLC v. Sutter*, 569 U.S. 564, 568 (2013) (quoting *First Options of Chicago, Inc. v. Kent*, 514 U.S. 938, 942 (1995)); *see also Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997-98 (9th Cir. 2003) (en banc).

An arbitration award may be vacated only "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a); *see also Biller v. Toyota Motor Co.*, 668 F.3d 655, 663-64 (9th Cir. 2012).

These are the exclusive grounds for vacating an award, and if the moving party does not establish that one or more of them applies, the award will stand "even in the face of erroneous findings of fact or misinterpretations of law." *Lagstein v. Certain Underwriters at Lloyd's London*, 607 F.3d 634, 640 (9th Cir. 2010) (internal quotation omitted). The party seeking to vacate the award bears the burden of establishing that one of the grounds justifies vacating the award. *U.S. Life Ins. Co. v. Superior Nat'l Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010).

Abpikar has not come close to demonstrating that one of the limited exceptions warranting vacatur applies here. He offers only a string of conclusory statements and one-line objections that fall well short of establishing that the arbitrator exceeded his powers by issuing a "completely irrational" award, or exhibiting "a manifest disregard of law." *Bosack v. Soward*, 586 F.3d 1096, 1104 (9th Cir. 2009) (internal quotations omitted); *see also Kyocera Corp.*, 341 F.3d at 997. Abpikar also did not present any evidence to indicate that the award was the product of corruption, fraud, or undue means. It may be that Abpikar disagreed with the arbitrator's evidence rulings and final conclusions, but that is not a ground for overturning the award.

It bears mention that the award decision demonstrates that Abpikar's claims were heard fairly and decided rationally. The award indicates that the arbitrator took evidence from both sides, carefully evaluated it, and issued a reasoned decision based on the record. The arbitrator

expressly declined Wells Fargo's request to find Abpikar's claims to be frivolous.  Dkt. No. 49-1 at Exh. 1 ECF p.8.  Abpikar takes considerable issue with evidence Exhibit R-6, which he says on several occasions contained "fabricated" evidence that the arbitrator should not have considered.  *See* Dkt. No. 46 at 2-6.  But the arbitrator expressly stated that "he did not consider Exhibit R-6 or anything contained in that Exhibit in his consideration of this case."  Dkt. No. 49-1 at ECF p.7.

Consequently, vacatur is not warranted.  The case was stayed pending completion of the arbitration.  That has now happened, and so the case is closed.

**IT IS SO ORDERED.**

Dated: June 22, 2026

JAMES DONATO
United States District Judge

United States District Court
Northern District of California

3